UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RYAN CROSS,

    Plaintiff,

v.

DEPARTMENT OF CORRECTIONS,

    Defendant.

CASE NO. 3:18-cv-05186-RJB-JRC

ORDER TO SHOW CAUSE OR AMEND COMPLAINT

Plaintiff Ryan Cross, proceeding *pro se* and *in forma pauperis*, filed this civil rights complaint under 42 U.S.C. § 1983. Plaintiff alleges his constitutional rights were violated when he was denied a soy-free diet despite the fact that he is allergic to soy. However, the only defendant he has named is the Department of Corrections, and he has not alleged violations by any other individuals in the body of his complaint. Having reviewed and screened plaintiff's complaint under 28 U.S.C. § 1915A, the Court declines to serve plaintiff's complaint because plaintiff has yet to plead sufficient facts to demonstrate that any individual violated his constitutional rights. However, the Court provides plaintiff leave to file an amended pleading by May 11, 2018, to cure the deficiencies identified herein.

ORDER TO SHOW CAUSE OR AMEND COMPLAINT
- 1

# BACKGROUND

Plaintiff originally filed his complaint in March of 2018. Dkt. 1.[1] He initially filed his complaint with neither an application to proceed *in forma pauperis* nor the filing fee, but subsequently provided an application to proceed *in form pauperis* (Dkt. 4) which the Court granted (Dkt. 6). He alleges that defendant violated his constitutional rights when it refused to provide him with a soy-free diet even after he demonstrated that he was allergic to soy, leading to stomach cramps, sores, and irratic blood pressure. Dkt. 7. He does not list a specific remedy, but states he hopes the Court will "get [plaintiff] the justice [he] deserves." *Id*. at 4.

# DISCUSSION

## I. State or Arm of the State as Defendant

42 U.S.C. § 1983 applies to the actions of "persons" acting under color of state law. However, for the purposes of § 1983, a state is not a "person." *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1997); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Similarly, an agency that is an arm of the state is also not a "person" under § 1983. *See Howlett v. Rose*, 496 U.S. 356, 365 (1990); *also Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (per curiam) (concluding that the suit against the state Board of Corrections was barred by the Eleventh Amendment).

Here, plaintiff has only named the DOC as the defendant. The DOC is an agency that is an arm of the State of Washington. Because of this, the DOC is not a person who can be sued under § 1983. Therefore, plaintiff has not yet stated a claim upon which relief can be granted and the Court declines to serve his complaint at this time.

---

[1] The Court notes that plaintiff also filed another cause of action naming the DOC as defendant, but alleging that he was being deprived of necessary medical care. *Cross v. Dep't of Corr.*, 3:18-cv-05187-BHS-JRC. The Court will deal with that case separately from this case.

## II. Personal Participation by Defendant

To state a claim under 42 U.S.C. § 1983, plaintiff must allege facts showing how a defendant caused or personally participated in causing the harm alleged in the complaint. *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold*, 637 F.2d at 1355. A person subjects another to a deprivation of a constitutional right when committing an affirmative act, participating in another's affirmative act, or failing to perform an act which is legally required. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Further, a § 1983 suit cannot be based on vicarious liability alone, but must allege an individual defendant's own conduct violated the plaintiff's civil rights. *City of Canton v. Harris*, 489 U.S. 378, 385-90 (1989).

Here, as noted above, plaintiff has only named the DOC as the defendant in this action. He has not named any particular individual or explained how any particular individual allegedly deprived him of his constitutional rights by refusing to provide him with a soy-free diet. Therefore, plaintiff has not yet stated a claim for which relief can be granted.

## III. Instructions to Plaintiff and the Clerk

Due to the deficiencies described above, the Court will not serve plaintiff's complaint. If plaintiff intends to pursue a § 1983 civil rights action in this Court, he must file an amended complaint and within the amended complaint, he must write a short, plain statement telling the Court: (1) the constitutional right plaintiff believes was violated; (2) *the name or names of the person or persons who violated the right*; (3) *exactly what each individual or entity did or failed to do*; (4) how the action or inaction of each individual or entity is connected to the violation of plaintiff's constitutional rights; and (5) what specific injury plaintiff suffered because of the individuals' conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976).

1 | Plaintiff shall present the amended complaint on the form provided by the Court. The
2 | amended complaint must be legibly rewritten or retyped in its entirety, it should be an original
3 | and not a copy, it should contain the same case number, and it may not incorporate any part of
4 | the original complaint by reference. The amended complaint will act as a complete substitute for
5 | the original complaint, and not as a supplement. An amended complaint supersedes the original
6 | complaint. *Forsyth v. Humana, Inc.,* 114 F.3d 1467, 1474 (9th Cir. 1997) *overruled in part on
7 | other grounds, Lacey v. Maricopa County,* 693 F.3d 896 (9th Cir. 2012). Therefore, the
8 | amended complaint must be complete in itself and all facts and causes of action alleged in the
9 | original complaint that are not alleged in the amended complaint are waived. *Forsyth,* 114 F.3d
10 | at 1474. The Court will screen the amended complaint to determine whether it contains factual
11 | allegations linking each defendant to the alleged violations of plaintiff's rights. The Court will
12 | not authorize service of the amended complaint on any defendant who is not specifically linked
13 | to a violation of plaintiff's rights.

14 | If plaintiff fails to file an amended complaint or fails to adequately address the issues
15 | raised herein **on or before May 11, 2018**, the undersigned may recommend dismissal of this
16 | action pursuant to 28 U.S.C. § 1915.

17 | The Clerk is directed to send plaintiff the appropriate forms for filing a 42 U.S.C. § 1983
18 | civil rights complaint and for service. The Clerk is further directed to send copies of this order
19 | and Pro Se Instruction Sheet to plaintiff.

20 | Dated this 16th day of April, 2018.

J. Richard Creatura
United States Magistrate Judge