UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RYAN CROSS,

           Plaintiff,

v.

JENNIFER ROSS, ET AL.,

           Defendant.

CASE NO. 18-cv-5186 RJB-JRC

ORDER ON MISCELLANEOUS MOTIONS

This 42 U.S.C. § 1983 civil rights matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §§ 636 (b)(1)(A) and (B) and Local Magistrate Judge Rules MJR 1, MJR 3, and MJR 4. Pending before the Court are plaintiff's five miscellaneous motions.

**BACKGROUND**

Plaintiff Ryan Cross, proceeding *pro se* and *in forma pauperis*, has filed five miscellaneous motions. On September 5, 2018, plaintiff filed a motion to file plaintiff's tort claim, followed by a second motion to file plaintiff's tort claim. Dkt. 34, 36. On September 11, 2018 plaintiff filed a motion for "Plaintiff's answer to defendants," followed by a second motion

for "Plaintiff's answer to defendants." Dkt. 38, 41. When reading plaintiff's motion for "Plaintiff's answer to defendants" it is clarified that plaintiff is seeking an "order granting summary judgment." Dkt. 38, 41. On September 18, 2018 plaintiff filed a motion regarding a blood test for plaintiff's soy allergy. Dkt. 45. It is unclear what plaintiff is seeking on this motion, but it appears plaintiff is stating a complaint against the medical provider who administered the blood test. Dkt. 45. Also pending in this action is plaintiff's motion for appointment of counsel. Dkt. 46. However, that motion is noted for October 12, 2018, and the Court will make a determination on that motion in a separate order.

## DISCUSSION

### I. Motion to File Plaintiff's Tort Claim

Plaintiff made two successive motions seeking the Court's permission to "file tort claim." Dkt. 34, 36. Plaintiff appears to be requesting to have documents related to plaintiff's tort claim on file in the present claim. Defendant has no opposition to plaintiff's motion to file tort claim, and therefore the motion is granted. Dkt. 43, p. 1.

### II. Motion for Plaintiff's Answer to Defendants

Plaintiff made two successive motions for "Plaintiff's answer to defendants." Dkts. 38, 41. In the text of the motion, plaintiff asks the Court for an "order granting summary judgment." Dkt. 38, p. 1; Dkt. 41, p. 1. Defendants have responded stating plaintiff may, in part, be requesting to rebut defendants' answer to plaintiff's complaint. Dkt. 42, p. 2.

The Federal Rules of Civil Procedure provide for a complaint and an answer. Fed. R. Civ. P. 7(a). A reply will only be accepted if the Court orders a reply. Fed. R. Civ. P. 7(a)(7). Generally, the Court will order a reply to an answer to a complaint when "a rebuttal would be of

assistance." *Cornett v. Donovan*, 51 F.3d 894, 899 (9th Cir. 1995). Here, the Court finds the complaint and the answer sufficient. A reply to defendants' answer is unnecessary at this time. Therefore, insofar as plaintiff requests permission to file a reply, his motions (Dkts. 38, 41) are denied.

Plaintiff, however, has also requested summary judgment in his motions. Dkts. 38, 41. Because a request for summary judgment is dispositive, the Court will file a separate report and recommendation addressing that aspect of plaintiff's motions.

### III. Motion Regarding Blood Test for Plaintiff's Soy Allergy

Plaintiff filed a motion asking the Court to rule "a default on a true blood test for a [sic] soy allergy testing." Dkt. 45. Plaintiff clarifies in the text that he believes that it is not possible for the Department of Corrections medical staff to order a blood test and receive the results of that blood test two days later because the blood test had to be sent to a lab in Oregon. Dkt. 45, p. 1. It does not appear that plaintiff is making a motion pursuant to any relevant rule in the Federal Rules of Civil Procedure. Moreover, defendants have not yet submitted to the Court the results of the alleged faulty blood test. If plaintiff wishes to challenge the blood test, he must wait until defendants submit the test results to the Court, then make a motion pursuant to the Federal Rules of Civil Procedure. Therefore, plaintiff's motion to "default on a true blood test" is denied.

### CONCLUSION

For the reasons set forth above, the Court grants plaintiff's motions to "file tort claim" insofar as they request to have documents related to plaintiff's tort claim on file in this case. Dkt 34, 36. They are denied insofar as plaintiff requests the Court to file additional documents for him. Because plaintiff's motions for plaintiff's answer, which the Court has interpreted as a

motion for summary judgment, are dispositive motions, the Court will file a separate report and recommendation addressing this issue. Dkt. 38, 41. The Court also denies plaintiff's motion to "default on a true blood test." Dkt. 45.

Dated this 15th day of October, 2018.

J. Richard Creatura
United States Magistrate Judge