UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RYAN CROSS,<br><br>             Plaintiff,<br><br>     v.<br><br>JENNIFER ROSS et al,<br><br>             Defendants. | CASE NO. 3:18-CV-5186 RJB-JRC<br><br>REPORT AND RECOMMENDATION<br><br>NOTED FOR: November 2, 2018 |

The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR1, MJR3 and MJR4.

Plaintiff Ryan Cross, proceeding *pro se* and *in forma pauperis*, filed this civil rights complaint under 42 U.S.C. § 1983. Pending before the Court are two successive motions for "Plaintiff's answer to defendants." Dkts. 38, 41. In the text of the motion, plaintiff asks the Court for an "order granting summary judgment." Dkt. 38, p. 1; Dkt. 41, p. 1. Defendants have

REPORT AND RECOMMENDATION - 1

1  responded stating plaintiff may, in part, be requesting to rebut defendants' answer to plaintiff's
2  complaint. Dkt. 42, p. 2.

3  In federal court, summary judgment is required pursuant to Fed. R. Civ. P. 56(a) if the
4  evidence, viewed in the light most favorable to the nonmoving party, shows that there is no
5  genuine dispute as to any material fact. *Tarin v. County of Los Angeles*, 123 F.3d 1259, 1263
6  (9th Cir.1997). Once a party has moved for summary judgment Fed. R. Civ. P. 56(c) requires
7  the nonmoving party to go beyond the pleadings and identify facts that show that a genuine issue
8  for trial exists. *Celotex Corp. v Catrett*, 477 U.S. 317, 323-24 (1986); *Anderson v. Liberty
9  Lobby, Inc.*, 477 U.S. 242, 248 (1986).

10  Here, defendants submitted a response to plaintiff's motion for summary judgment. Dkt.
11  43. Defendants have identified facts at issue in this case. Dkt. 43, p.2. Plaintiff's complaint is, in
12  part, that plaintiff suffers from a soy allergy and that defendants have denied him a soy-free diet.
13  *See* Dkt. 18, p. 3. Defendants state that whether plaintiff suffers from a soy allergy is still a
14  question of fact. Dkt. 43, p. 2. This court granted plaintiff's motion to file his blood test on
15  September 14, 2018, acknowledging that plaintiff had already filed the blood test with the Court
16  on August 10, 2018. *See* Dkt. 30-1; Dkt. 44. Plaintiff also filed a blood test on September 11,
17  2018. Dkt. 42, p.4. Defendants filed a response to plaintiff's motion to file his blood test, stating
18  that they did not object to the filing of the blood test, but did not stipulate to the meaning of the
19  test. Dkt. 31. Plaintiff's blood test results do appear to indicate that plaintiff may have a soy
20  allergy, however, other medical conditions are mentioned and further testing was requested. Dkt.
21  42, p. 4. For these reasons, it appears that plaintiff's claim that he suffers from a soy allergy is
22  still an issue of fact.

23
24

1    Moreover, plaintiff has the burden to prove that he can recover pursuant to 42 U.S.C. §
2    1983, and also that: (i) the conduct complained of was committed by a person acting under color
3    of state law and (ii) the conduct deprived a person of a right, privilege, or immunity secured by
4    the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981),
5    *overruled on other grounds, Daniels v. Williams*, 474 U.S. 327 (1986). Even if plaintiff does in
6    fact have a soy allergy, that fact alone does not satisfy the above summary judgment criteria.
7    Therefore, plaintiff's motion for summary judgment should be denied.

**CONCLUSION**

The undersigned recommends that plaintiff's motion for summary judgment (Dkts. 38, 41) be denied.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **November 2, 2018**, as noted in the caption.

Dated this 15th day of October, 2018.

J. Richard Creatura
United States Magistrate Judge