1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT
                   WESTERN DISTRICT OF WASHINGTON
9                              AT TACOMA

10    RYAN CROSS,

11                          Plaintiff,              CASE NO. 3:18-cv-05186 RJB-JRC

12         v.                                       ORDER DENYING
                                                    APPOINTMENT OF COUNSEL
13    ROSS, ET AL,

14                          Defendant.

15

16        The District Court has referred this 42 U.S.C. § 1983 action to United States Magistrate

17   Judge J. Richard Creatura. Plaintiff Ryan Cross, proceeding *pro se* and *in forma pauperis,* has

18   pending before the Court a motion for appointment of counsel. Dkt. 46.

19        Although indigent defendants in criminal cases are entitled to appointed counsel, there is

20   no constitutional right to appointed counsel in a § 1983 civil action. *See Storseth v. Spellman*,

21   654 F.2d 1349, 1353 (9th Cir. 1981); *see United States v. $292,888.04 in U.S. Currency*, 54 F.3d

22   564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not

23   mandatory"). However, in "exceptional circumstances," a district court may appoint counsel for

24   indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C. § 1915(d)). *Rand*

*v. Roland*, 113F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds*, 154 F.3d 952 (9th Cir. 1998). To decide whether exceptional circumstances exist, the Court must evaluate both "the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts showing he has an insufficient grasp of his case or the legal issues involved and an inadequate ability to articulate the factual basis of his claims. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

Plaintiff, who alleges a soy allergy, has asserted that defendants have violated his rights by denying him a soy-free diet. Dkt. 18, p. 3. Plaintiff made a motion for summary judgment, which this Court recommended be denied because whether or not plaintiff suffered from a soy allergy was still an issue of material fact. Dkts. 38, 41, 50. Subsequently, defendants filed a motion for summary judgment. Dkt. 53. Because this Court has not yet made a recommendation on defendant's motion for summary judgment, it is too early to determine the likelihood of plaintiff's success on the merits of his claim.

Further, plaintiff has not shown that he has an insufficient grasp of either the factual or legal basis for his claim. On the contrary, plaintiff is articulate and able to describe the alleged wrongs and the legal principles underlying them in a way that is understandable to the Court at this time. Plaintiff has filed multiple motions, many of which are duplicative. While this Court does not condone duplicative motions, and some of plaintiff's pleadings demonstrate his lack of legal training, he appears to be able to articulate himself and understand, to a basic degree, the legal underpinnings of his case. It further demonstrates plaintiff's ability to maintain awareness of the developments in his case and respond to defendant's motions. Though it may be easier for

1   plaintiff to prosecute his case with the assistance of counsel, convenience alone is not enough to

2   warrant appointment of counsel. Because of this, plaintiff has not demonstrated the exceptional

3   circumstances necessary to for the Court to order appointment of counsel.

4           Therefore, for the reasons stated above, plaintiff's motion to appoint counsel (Dkt. 46) is

5   denied without prejudice, which means that the Court can consider such a motion at a later time

6   after the case has developed further.

7           Dated this 1st day of November, 2018.

8

9

10

                                            J. Richard Creatura
11                                          United States Magistrate Judge

12

13

14

15

16

17

18

19

20

21

22

23

24