UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RYAN CROSS,

Plaintiff,

v.

JENNIFER ROSS, et al,

Defendants.

CASE NO. 3:18-cv-5186 RJB-JRC

REPORT AND RECOMMENDATION

NOTED FOR: December 28, 2018

The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR1, MJR3 and MJR4.

In this 42 U.S.C. § 1983 civil rights action, plaintiff alleges that he suffers from a soy allergy and has been denied a soy-free diet in violation of the Eighth Amendment. Dkt. 18, p. 3. Defendants move for summary judgment, arguing that objective evidence shows that plaintiff does not have a soy allergy, and therefore, no Eighth Amendment violation has occurred. Dkt. 53, p. 4. Defendants also assert that two of the defendants are improper because plaintiff has not shown personal participation in the alleged constitutional violation, that defendants are entitled to qualified immunity, and that plaintiff's lawsuit is frivolous and malicious. Dkt. 53, p. 4.

After reviewing and considering the record, this Court recommends that defendants' motion for summary judgment be granted. Defendants have submitted results from two blood tests and a biopsy which show that plaintiff does not suffer from a soy allergy. While plaintiff appears to sincerely believe that his medical symptoms are caused by soy consumption, he has not provided evidence to counter the tests that clearly demonstrate that he does not have a soy allergy. Plaintiff has not met his burden of proving that a genuine issue of material fact exists.

Accordingly, this Court recommends that defendant's motion for summary judgement be granted and plaintiff's case be dismissed with prejudice.

**BACKGROUND and PROCEDURAL HISTORY**

Plaintiff, Ryan Cross, proceeding *pro se* and *in forma pauperis*, filed his initial complaint on March 18, 2018. Dkt. 1. This Court issued several orders to plaintiff to show cause or amend his complaint. On June 26, 2018, plaintiff filed his third amended complaint (Dkt. 18) and thereafter, this Court directed service upon defendants (Dkt. 21).

Plaintiff filed what this Court interpreted as a motion for summary judgment on September 11, 2018. Dkts. 38, 41. This Court issued a Report and Recommendation (Dkt. 50), which was adopted by the District Court (Dkt. 63), denying plaintiff's motion for summary judgment because it appeared at that time that whether or not plaintiff suffered from a soy allergy was still an issue of material fact. This Court noted on October 15, 2018 that "further testing was requested" (Dkt. 50). Since that time, further testing has been completed (Dkt. 51, p. 2).

Defendants filed a motion for summary judgment on October 16, 2018. Dkt. 53. On October 19, 2018, plaintiff filed two motions to dismiss defendants' motion for summary judgment, which this Court has interpreted as plaintiff's reply to defendant's motion for

summary judgment. *See* Dkts. 55, 56, 57. Defendants filed their reply to plaintiff's motions on October 24, 2018. Dkt. 61.

**STANDARD OF REVIEW**

The purpose of summary judgment is to avoid unnecessary trials when there is no dispute over the material facts before the court and the moving party is entitled to judgment as a matter of law. *Zweig v. Hearst Corp.*, 521 F.2d 1129, 1136 (9th Cir. 1975), *overruled on other grounds by Hollinger v. Titan Capital Corp.*, 914 F.2d 1564 (9th Cir. 1990). The moving party is entitled to summary judgment if the evidence produced by the parties permits only one conclusion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986). To determine if summary judgment is appropriate, the court must consider whether particular facts are material and whether there is a genuine dispute as to the material facts left to be resolved. Fed. R. Civ. P. 56(c). The materiality of a given fact is determined by the required elements of the substantive law under which the claims are brought. *Anderson*, 477 U.S. at 248. Factual disputes that do not affect the outcome of the suit under the governing law will not be considered. *Id.* Where there is a complete failure of proof concerning an essential element of the non-moving party's case on which the nonmoving party has the burden of proof, all other facts are rendered immaterial, and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Anderson*, 477 U.S. at 254 ("the judge must view the evidence presented through the prism of the substantive evidentiary burden"). However, when presented with a motion for summary judgment, the court shall review the pleadings and evidence in the light most favorable to the nonmoving party, *Anderson*, 477 U.S. at 255 (citation omitted), and "a pro se complaint will be liberally construed . . . ." *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir.

1992) (*citing Estelle v. Gamble*, 429 U.S. 97, 106 (1976)) (other citation omitted). With these standards in mind, it is important to note that plaintiff bears the burden of proof at trial over the issues raised in this motion. *See Grimes v. City and Country of San Francisco*, 951 F.2d 236, 239 (9th Cir. 1991).

Once the moving party has carried its burden under Fed. R. Civ. P. 56, the party opposing the motion must do more than simply show that there is some metaphysical doubt as to the material facts. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986). The opposing party cannot rest solely on his pleadings but must produce significant, probative evidence in the form of affidavits, and/or admissible discovery material that would allow a reasonable jury to find in his favor. *Id.* at n.11; *Anderson*, 477 U.S. at 249-50. In other words, the purpose of summary judgment "is not to replace conclusory allegations of the complaint or answer with conclusory allegations of an affidavit." *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888 (1990). However, weighing of evidence and drawing legitimate inferences from facts are jury functions, and not the function of the court. *See United Steel Workers of America v. Phelps Dodge Corps.*, 865 F.2d 1539, 1542 (9th Cir. 1989).

Plaintiff's complaint was signed under penalty of perjury and is being considered as evidence. Dkt. 17, p. 4. Because plaintiff is *pro se*, the Court "must consider as evidence in his opposition to summary judgment all of [plaintiff's] contentions offered in motions and pleadings, where such contentions are based on personal knowledge and set forth facts that would be admissible in evidence, and where [plaintiff] attested under penalty of perjury that the contents of the motions or pleadings are true and correct." *Jones v. Blanas*, 393 F.3d 918, 923 (9th Cir. 2004).

## DISCUSSION

### I. Whether Any Issue of Material Fact Exists.

Plaintiff is currently incarcerated at Monroe Correctional Complex ("MCC") and alleges that he suffers from a soy allergy and that he has been denied a soy-free diet resulting in "high and low blood pressure, stomache [sic] cramps, red sores and excess gas . . . ." Dkt. 18, p. 3. The Eighth Amendment prohibits deliberate indifference to a person's serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Jones v. Johnson*, 791 F.2d 769, 771 (9th Cir. 1986). In order to recover pursuant to 42 U.S.C. § 1983, a plaintiff must prove that: (l) the conduct complained of was committed by a person acting under color of state law and that (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986). This case turns on whether or not plaintiff suffers from a serious medical need—in this case, a soy allergy. If plaintiff does not have a soy allergy, no right to a soy-free diet is contemplated by the Eighth Amendment. Therefore, whether the denial of a soy-free diet deprived plaintiff of a right, privilege or immunity secured by the constitution will be addressed first. *Parratt*, 451 U.S. 527, 535 (1981).

Defendants' motion to dismiss proffers that objective evidence shows that plaintiff does not suffer from a soy allergy. Dkt. 53. In support, defendants submitted a declaration from defendant Jennifer Ross, PA-C, a certified physician's assistant who has treated plaintiff on several occasions throughout the course of this litigation. Dkt. 51. Defendant also included as exhibits in their motion the results of several blood tests. Dkt. 51, p. 6, 8, 10.

The declaration from Jennifer Ross, PA-C states that she has treated plaintiff and reviewed his medical files. Dkt. 51, p. 2. Ms. Ross states that a blood test was conducted on

October 24, 2017, to check plaintiff's eosinophils levels, which would indicate whether plaintiff is suffering from either acute or chronic allergy, though not specifically a soy allergy. Dkt. 51, p. 2. This blood test was within normal limits, indicating that plaintiff did not suffer from any allergy. Dkt. 51, p. 2, 6. Ms. Ross states that a biopsy was conducted in March, 2018 after plaintiff presented with a diffuse rash. Dkt. 51, p. 2. This biopsy resulted in a finding that plaintiff had dermatitis, however, Ms. Ross does not comment on the cause of the dermatitis. Dkt. 51, p. 2, 8. Finally, in September, 2018, plaintiff was tested specifically for a soy allergy. Dkt. 51, p. 2. The result of this test was "[n]ot detected or absent," indicating that plaintiff does not have a soy allergy. Dkt. 51, p. 2, 10.

In support of his claim, plaintiff has submitted multiple motions "to show cause on a default of a true blood test that Mrs. Ross says is negative." Dkts. 58, 60. Plaintiff explains that "my blood tests say that they are not a conclusive test and that it could be unaccurate [sic] blood test." Dkt. 58, p. 1. The Court interprets this to mean that plaintiff is alleging that an issue of fact still exists in his case based on the possibility of inaccurate and inconclusive test results.

In his motion, plaintiff states that "Mrs [sic] Ross my medical provider said in 2 copies that my blood test came back negative of a soy allergy, but with my symptoms and the effect my body is having towards the soy in the food here at the prison, I knew my tests would come back not negative but with high levels . . . ." Dkt. 60, p. 2. In support, plaintiff states that the same blood tests the defendant submitted show that plaintiff is "not negative of a soy allergy, but only normal and [Ms. Ross] is saying that my blood test came back negative and is clearly wrong . . . ." Dkt. 60, p. 3. The Court interprets this to mean that plaintiff believes that the test results submitted by the defendant do not conclusively show that plaintiff does not suffer from a soy allergy, and that there is an issue of fact in interpreting the test.

The Court is sympathetic to plaintiff's medical symptoms, however, the objective tests submitted show that plaintiff does not have a soy allergy. Plaintiff does not offer any evidence to show that the test results are inaccurate, or that the test results have been misinterpreted. Plaintiff states that "these tests could be non conclusive due to Class 2 or higher have an Increase [sic] probability of contributing to a total allergenic load and can be clinically relevant, I can show that I am allergic to soy and have done so by using the blood tests . . . ." Dkt. 55, p. 2. The Court interprets this to mean that plaintiff is referring to the soy allergy test at docket number 51-1, page 6. This test states that "Allergens scoring in Class 2 or higher have an increasing probability of contributing to a total allergenic load and can be considered clinically relevant." Dkt. 51-1, p. 6. However, this test shows that plaintiff tested at less than 0.10 for soy allergy, which the reference range states is a Class 0 (zero) rather than a Class 2. Dkt. 51-1, p. 6. Class 0 indicates that soy allergy is "absent or undetected." Dkt. 51-1, p. 6.

Once a party has moved for summary judgment, Fed. R. Civ. P. 56(c) requires the nonmoving party, the plaintiff in this case, to go beyond the pleadings and identify facts that show that a genuine issue for trial exists. *Celotex Corp. v Catrett*, 477 U.S. 317, 323-24 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). There is a genuine issue of fact for trial if the record, taken as a whole, could lead a rational trier of fact to find for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *see also T. W. Elec. Service Inc. v. Pacific Electrical Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987). "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007). Moreover, plaintiff must do more than simply show that there is some metaphysical doubt as to

the material facts. *Matsushita Elec. Indus. Co.*, 475 U.S. at 586. Here, plaintiff has not identified any facts or evidence beyond his own sense of "knowing." *See* Dkt. 60, p. 2-3. Therefore, based on the evidence submitted by plaintiff, no rational trier of fact could conclude that plaintiff is suffering from a soy allergy.

Because undisputed facts show that plaintiff does not suffer from a soy allergy, there is no deliberate indifference to his medical needs. *Estelle*, 429 U.S. 97, 106 (1976). To the contrary, the record shows that plaintiff's alleged soy allergy was taken seriously, as evidenced by defendants' efforts in obtaining three tests to determine whether plaintiff had a soy allergy. Dkt. 51-1, p. 6, 8, 10. And, presumably, if defendant is able to further clarify plaintiff's condition, defendant will take steps to address it. At least, the Court will not presume otherwise. Therefore, plaintiff has not shown that defendants have violated the Eighth Amendment. If defendant does not address plaintiff's issue in the future, plaintiff can pursue a new claim based on any new evidence.

Defendant also raised arguments that two defendants are improper, and that defendants have qualified immunity. These issues need not be addressed because this Court recommends that defendant's motion for summary judgment be granted.

**II. Whether Plaintiff's Claim is Frivolous or Malicious.**

Defendant asserts that plaintiff's claim is frivolous and malicious. Dkt. 53, p. 9. 28 U.S.C. § 1915(a) allows the court the ability to dismiss an action, on screening the complaint, if the action is frivolous, malicious, or fails to state a claim. Further, 28 U.S.C. § 1915(e)(2) gives the court the authority to dismiss a case that is frivolous, malicious, or fails to state a claim, without regard to payment of a filing fee or any portion thereof.

The standard for dismissal as "malicious" has not been well defined by case law but some guidance exists. In *Abdul-Akbar v. Department of Corrections*, 910 F. Supp. 986, 999 (D. Del. 1995), the District Court in Delaware considered the malicious standard and stated:

> A separate standard for maliciousness is not as well established. *Deutsch* [v. United States, 67 F.3d 1080, 1086] merely states that a district court 'must engage in a subjective inquiry into the litigant's motivations at the time of the filing of the lawsuit to determine whether the action is an attempt to vex, injure, or harass the defendants.' *Id*. Other Circuits, however, have offered more objective instances of malicious claims. For example, a district court may dismiss a complaint as malicious if it threatens violence or contains disrespectful references to the court. *Crisafi v. Holland*, 655 F.2d 1305 (D.C.Cir. 1981); *see also Phillips v. Carey*, 638 F.2d 207, 208 (10th Cir. 1981) (stating that courts may dismiss pleadings with abusive or offensive language pursuant to the court's inherent powers under FRCP 12(f)). In addition, a district court may dismiss a complaint as malicious if it is plainly abusive of the judicial process or merely repeats pending or previously litigated claims. *Id*.; *Van Meter v. Morgan*, 518 F.2d 366 (8th Cir. 1975); *Duhart v. Carlson*, 469 F.2d 471 (10th Cir. 1972).

Other courts have found the term "malicious" means irresponsible or harassing litigation. *Daves v. Scranton*, 66 F.R.D. 5 (E.D. Pa. 1975). The District Court for the Eastern District of Pennsylvania stated:

> The legal standard of "frivolous or malicious" is not capable of precise definition for it is a standard intended for administration within the broad discretion of the court and to be applied with reasonable restraint but as a practical response to irresponsible litigation which would otherwise be subsidized and encouraged by the generosity of the *in forma pauperis* statute.

*Daves*, 66 F.R.D. at 6.

Defendant believes this action to be malicious because testing ruled out plaintiff's soy allergy before he filed his case. Dkt. 53, p. 9. This Court disagrees. Plaintiff appears to sincerely believe that his symptoms are caused by a soy allergy in spite of the test results. He believes the test results to be inaccurate and inconclusive. While these beliefs are not based strongly on objective facts, this Court does not find this action to be malicious. Therefore, this Court declines to find this action malicious under 28 U.S.C. §§ 1915(a).

A complaint is frivolous if "it lacks an arguable basis in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). As discussed above, this Court has determined that test results show that plaintiff does not have a soy allergy and, therefore, summary judgment should be granted. However, contrary to defendant's assertion that testing ruled out whether plaintiff had a soy allergy before he filed his case, the test which conclusively ruled out a soy allergy was not conducted until September, 2018—six months after plaintiff's initial court filing. *See* Dkt.51-1, p. 6. At the outset, whether or not plaintiff had a soy allergy had not conclusively been ruled out. Therefore, this Court finds that plaintiff did not file his case frivolously.

**CONCLUSION**

The undersigned recommends that defendants' motion for summary judgment be **GRANTED,** and that plaintiff's claims be dismissed with prejudice.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **December 28, 2018**, as noted in the caption.

Dated this 10th day of December, 2018.

J. Richard Creatura
United States Magistrate Judge