UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RYAN CROSS,<br><br>          Plaintiff,<br><br>v.<br><br>JENNIFER ROSS, et al,<br><br>          Defendant. | CASE NO. 3:18-cv-5186 RJB<br><br>SUPPLEMENTAL REPORT AND RECOMMENDATION<br><br>NOTED FOR: December 28, 2018 |

      The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR 1, MJR 3, and MJR 4.

      Defendants' in this action filed a motion for summary judgment on October 16, 2018. Dkt. 53. On October 19, 2018, plaintiff filed four motions. *See* Dkts. 55, 57, 58, 60. This Court issued a Report and Recommendation on December 10th, 2018 recommending that defendants' motion for summary judgment be granted. *See* Dkts. 55, 64. This Report and Recommendation addresses the miscellaneous motions plaintiff filed in response to defendants' motion for summary judgment.

SUPPLEMENTAL REPORT AND
RECOMMENDATION - 1

**DISCUSSION**

Plaintiff filed two motions for "Dismissal of Defendant's Motion for Summary Judgement [sic]," (Dkts. 55, 57), and a supporting memorandum (Dkt. 56). The Court interprets these documents as plaintiff's response to defendants' motion for summary judgment, rather than a motion to dismiss, as plaintiff states that he "still [has] good cause on my soy allergy and the tests are not what the defendant's say they are." Therefore, plaintiff is arguing that defendants' evidence is not conclusive and that there exists an issue of fact regarding whether he has a soy allergy. Unfortunately, he does not support that assertion with any competent, admissible evidence. So, for the same reasons set forth in this Court's Report and Recommendation (Dkt. 64), this Court recommends that plaintiff's motions to dismiss (Dkts. 55, 57) be denied.

Plaintiff also filed two motions "To Show Cause on a default of a true blood test that Mrs [sic] Ross says is negative" (Dkts. 58, 60), and a supporting memorandum (Dkt. 59). Plaintiff states that the blood tests are "not a conclusive test and that it could be unaccurate [sic]," (Dkt. 58, p. 1), and that the tests were "not negative of a soy allergy, but only normal" (Dkt. 60, p. 3). These motions appear to stem from plaintiff's misunderstanding and misinterpretation of the blood tests, which clearly show that plaintiff does not suffer from a soy allergy. *See* Report and Recommendation, Dkt. 64, p. 7. Thus, to the extent that plaintiff is arguing that there is a dispute of material fact as to the results of the blood tests, the Court also recommends these motions be denied because he has not put forth any competent evidence to dispute the test results.

**CONCLUSION**

This Court recommends that plaintiff's two motions for "Dismissal of Defendant's Motion for Summary Judgement [sic]," (Dkts. 55, 57), and plaintiff's two "Motions for Order to

1 | Show Cause on a default of a true blood test that Mrs [sic] Ross says is negative" (Dkts. 58, 60),
2 | be **DENIED**.
3 |       Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have
4 | fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P.
5 | 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo*
6 | review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a result in a waiver
7 | of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Miranda v.*
8 | *Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit
9 | imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **December 28,**
10 | **2018**, as noted in the caption.
11 |       Dated this 13th day of December, 2018.

                                            J. Richard Creatura
                                            United States Magistrate Judge